**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL COTTRELL,**

      **Petitioner,**

      **v.**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

      **Respondent.**

        **CASE NO. 2:13-CV-162
        JUDGE JAMES L. GRAHAM
        Magistrate Judge Elizabeth P. Deavers**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant *Petition,* Respondent's *Return of Writ,* Petitioner's *Traverse,* and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History**

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On August 12, 2010, Cottrell was arrested and charged in a criminal complaint with one count of felonious assault, a second degree felony. Subsequently, the charge was bound over to the common pleas court, and the grand jury indicted him in case number 10 CR 449. On October 1, 2010, Cottrell was indicted in case number 10 CR 527 for rape and kidnapping, first degree felonies. All of the charges stemmed from an incident that occurred on August 12, 2010.
>
> The trial court scheduled a jury trial in both cases for November 9, 2010. However, on November 8, 2010, Cottrell filed a "TIME WAIVER" in both cases. In each waiver, Cottrell stated that he "hereby waives time limitations provided by Section 2945.71, Ohio Revised Code, in the above action" and that "[t]his waiver is limited to 4 months." The court rescheduled Cottrell's jury trials

for January 18, 2011. However, by an entry filed in case 10 CR 449, dated January 21, 2011, the trial court stated:

This cause was scheduled for trial to jury on Tuesday, January 18, 2011 for two (2) days. However, on that day a civil case being Case No. 05 CI 586, *Parrish v. Jones*, which commenced for trial on January 12, 2011. The civil case was still being tried on January 18th, by a visiting judge, although it was given to the jury some time around 1:00 P.M. on the 18th. The instant case was scheduled for two (2) days, and the court was unavailable for trial on Thursday, January 20[th]. The parties concluded that this case could not be tried in a day and [a] half. It is therefore the order of the court that trial in this matter is continued until 17 the day of March, 2011, at 8:15 AM. The speedy trial provisions of O .R.C. Section 2945.71 are tolled pursuant to O.R.C. Section 2945.72(H).

Cottrell did not object to the new trial date.

Although the charges were ultimately tried together on March 17, 2011, and treated as consolidated for purposes of arguments to the jury and drafting verdict forms, they were never officially consolidated by the court. After a jury found Cottrell guilty of kidnapping and felonious assault but not guilty of rape, this appeal followed.

II. Assignments of Error

Cottrell assigns two errors for our review:

I. APPELLANT WAS DEPRIVED OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE A MOTION TO DISMISS FOR LACK OF SPEEDY TRIAL.

II. APPELLANT WAS DEPRIVED OF A FAIR TRIAL WHEN HIS COUNSEL FAILED TO REQUEST A JURY INSTRUCTION ON AGGRAVATED ASSAULT.

*State v. Cottrell*, Nos. 11CA3241, 11CA3242, 2012 WL 4713899 (Ohio App. 4th Dist. July 9, 2012).  On July 9, 2012, the state appellate court affirmed the judgment of the trial court.  *Id.*

Petitioner did not timely appeal.  On October 24, 2012, the Ohio Supreme Court denied and

2

dismissed Petitioner's motion for a delayed appeal.  *State v. Cottrell*, 133 Ohio St.3d 1421 (Ohio 2012).

On February 27, 2013, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   He asserts that he was denied effective assistance of counsel because his attorney failed to file a motion to dismiss on speedy trial grounds and failed to request a jury instruction on aggravated assault, which is a lesser included offense to the charge of felonious assault (claims one and two); and that imposition of consecutive sentences violates the Double Jeopardy Clause and that the trial court improperly imposed consecutive sentences (claim three).   It is the position of the Respondent that these claims are waived or without merit.

**Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration.   28 U.S.C. § 2254(b), (c).   If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies.   *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).   If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724; *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin*, 785 F.2d at 138 (internal quotations omitted). Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) a substantial reason to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. *Id*. "Cause" under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some factor external to the defense [that] impeded [] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all. *Id*. at 750.

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*, 477 U.S. at 495 (quoting *Engle v. Isacc*, 456 U.S. 107, 135 (1892)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim

4

would result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle*, 261 F.3d 594, 601–02 (6th Cir. 2001) (same).  The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Petitioner properly raised his claims of ineffective assistance of trial counsel on direct appeal.  He failed, however, to file a timely appeal to the Ohio Supreme Court.  The requirement of filing a timely appeal is an applicable procedural rule which Petitioner failed to follow.  The United States Court of Appeals for the Sixth Circuit has concluded that a denial of a motion for leave to file a delayed appeal is a procedural ruling rather than one on the merits. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). The court in *Bonilla* explained that the Rule regarding a motion for a delayed appeal does not require inclusion of the actual claims and supporting arguments sought to be presented on appeal.  370 F.3d at 497.  Rather, it is only when the Ohio Supreme Court grants such a motion that the appellant must file a memorandum in support of jurisdiction.  *Id.* at 497. "Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Id.; see also Walker v. Martin*, ―—U.S. ――, ――, 131 S.Ct. 1120, 1128–29 (2011) (holding that the California Supreme Court's denial of a petition as untimely constituted a procedural default notwithstanding the fact that the court could, instead, review the petition and determine the petition was meritless, stating "[w]e see no reason to reject California's time bar simply because a court may opt to bypass the [timeliness] assessment and summarily dismiss a petition on the merits, if that is the easier path"); *Coleman*, 501 U.S. at 750 (holding that denial of a request for

a delayed appeal is a procedural default without a merits review). Thus, the first factor of *Maupin* has been satisfied.

The second *Maupin* factor has also been satisfied. The Ohio Supreme Court necessarily enforced this procedural sanction when it denied Petitioner's motion for leave to file a delayed appeal.  Although the Ohio Supreme Court did not articulate its reason for dismissing the delayed notice of appeal, federal courts are not to assume that state courts do not observe their own procedural bars, but instead must assume that state courts enforce those bars. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (citations omitted); *see also Barkley v. Konteh*, 240 F.Supp.2d 708, 712 (N.D. Ohio 2002) ("By its very nature, a denial of a motion for leave to file a delayed appeal is a denial solely on procedural grounds even if the court does not expressly cite the procedural bar in its denial.").

Turning to the third prong of the *Maupin* analysis, "a federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment rests on a state-law ground that is both independent of the merits of the federal claim and an adequate basis for the state court's decision."  *Stone v. Moore*, 644 F.3d 342, 345 (6th Cir. 2011) (internal quotations and citations omitted). "To qualify as an 'adequate' procedural ground, a state rule must be "firmly established and regularly followed."  *Walker*, 131 S.Ct. at 1127 (citations omitted).  The Supreme Court has held that a "rule can be 'firmly established' and 'regularly followed,' . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."  *Id*. at 1128 (internal quotations and citations omitted).

Following *Walker,* the issue in this situation is not how often a state court either grants or denies motions to pursue untimely appeals.  Rather, the relevant question is whether "discretion

has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law. . . ." *Walker,* 131 S.Ct. at 1130 (internal citations and quotations omitted). However, as in *Walker,* Petitioner here does not contend that the state court exercised its discretion in a surprising or unfair manner. Further, no evidence supports the conclusion that the Ohio Supreme Court did so. Thus, the Court finds that the Ohio Supreme Court's reliance on its own procedural rule, Ohio S.Ct. Prac. R. 701(A)(1)(a)(i), formerly Ohio S.Ct. Prac. R. II, § 2(A), is an adequate and independent ground supporting its refusal to hear Petitioner's direct appeal.

In claim three, Petitioner asserts that his sentence violates the Double Jeopardy Clause and that the trial court improperly imposed consecutive sentences. Petitioner failed to present this claim to the state courts. He may now no longer do so, under Ohio's doctrine of *res judicata. See State v. Cole,* 2 Ohio St.3d (Ohio 1982); *State v. Ishmail*, 67 Ohio St.2d 16 (Ohio 1981); *State v. Perry*, 10 Ohio St.2d 175 (Ohio 1967). The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default.

Further, the State of Ohio has a procedural rule that claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*. The Court finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. 722, 732–33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent

subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149, (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964); *see also Jamison v. Collins,* 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

The fourth and final prong of the *Maupin* analysis, specifically whether there was cause for Petitioner's failure to follow the procedural rule and actual prejudice caused by the alleged constitutional error, supports a finding of procedural default. "In order to establish cause, a habeas corpus petitioner must show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla*, 370 F.3d at 498 (citation omitted). Both cause and prejudice must be shown to excuse a procedural default. *Id.*

at 497 (citation omitted). Petitioner has failed to establish cause and prejudice for his procedural defaults.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The record fails to reflect that this is an extraordinary case justifying a merits review of Petitioner's otherwise procedurally defaulted claims.

Petitioner has procedurally defaulted all of his claims for relief. **WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this **Report and Recommendation**, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

9

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

      The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Elizabeth A. Preston Deavers_____
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date: October 2, 2014