IN THE UNITED STATES DISTRICT COURTS
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL COTTRELL,

    Petitioner,

    v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:13-CV-162
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On October 2, 2014, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF 8. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. ECF 12. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection,* ECF 12, is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This case is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED.**

Petitioner asserts that he was denied effective assistance of counsel and that the trial court improperly imposed consecutive terms of incarceration in violation of the Double Jeopardy Clause. The Magistrate Judge recommended the dismissal of these claims as procedurally defaulted. Petitioner objects to that recommendation.

Petitioner argues that he preserved his claim of ineffective assistance of trial counsel for review by filing a motion for a delayed appeal with the Ohio Supreme Court which included a memorandum in support of jurisdiction. He complains that he was without counsel to assist him

1

in the filing of an appeal with the Ohio Supreme Court.  He contends that he exercised diligence in pursuing his claims and has been denied access to the Ohio courts.  He argues that it would be an exercise in futility to present a claim of ineffective assistance of counsel to the state courts, because such a claim is routinely denied by the state courts.  He asserts that he has established cause and actual prejudice for his procedural defaults based on the denial of the effective assistance of counsel.  He complains that the Magistrate Judge failed to address the merits of his claims and asserts that he is actually innocent of the charges against him.

The Ohio Supreme Court's denial of Petitioner's motion for a delayed appeal does not constitute a ruling on the merits or preserve his claim of ineffective assistance of counsel for federal habeas corpus review.  *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).  Petitioner cannot establish cause for his procedural default based on a claim of ineffective assistance of counsel, as he had no right to the assistance of counsel in the Ohio Supreme Court.  A claim of ineffective assistance of counsel may constitute cause for a procedural default "only at a stage of the proceedings where a petitioner has a Sixth Amendment right to counsel. . . .  It does not extend to discretionary appeals or collateral post-conviction proceedings."  *Mapp v. Ohio*, No. 2:12–cv–1039, 2013 WL 4458838, at *2 (S.D. Ohio Aug. 20, 2013) (quoting *Wilson v. Hurley*, 382 F. App'x. 471, 478 (6th Cir. 2010)); *see also Graggs v. Warden*, *Lebanon Corr. Inst.*, No. 2:12-cv-190, 2013 WL 2404076, at *14 (S.D. Ohio May 30, 2013)(same). Petitioner had no Sixth Amendment right to counsel in connection with the discretionary appeal to the Ohio Supreme Court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Ross v. Moffitt*, 417 U.S. 600, 610–12 (1974) (right to appellate counsel does not extend beyond the first appeal as of right to

discretionary appeals to the state's highest court or to petitions for review by the United States Supreme Court).

Petitioner likewise has failed to establish cause for his failure to present his claims that the trial court improperly imposed consecutive terms of incarceration or that his sentence violates the Double Jeopardy Clause to the Ohio courts.

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[; it must be] some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "[I]gnorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse [a] procedural default." *Bleigh v. Brunsman*, No. 2:11–cv–628, 2012 WL 668819, at *11 (S.D. Ohio Feb.29, 2012) (citing *Bonilla*, 370 F.3d at 498).

The record fails to reflect that any objective factor prevented Petitioner from presenting his claims to the Ohio courts. Again, a claim of the denial of constitutionally effective assistance of counsel cannot constitute cause for Petitioner's procedural default because he has waived that claim for review. *Edwards v. Carpenter*, 529 U.S. at 451-52 (2000)(a claim of ineffective assistance of appellate counsel cannot constitute cause for a procedural default unless the claim has been presented to the state courts and is not, itself, procedurally defaulted).

Petitioner asserts that he is actually innocent of the charges against him.

> The United States Supreme Court has held that a claim of actual innocence can be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). "[I]n an extraordinary case, where a

3

> constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In *Schlup,* the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition. *Schlup,* 513 U.S. at 317, 115 S.Ct. 851. The actual innocence claim in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 315, 115 S.Ct. 851 (citing *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)).

*Souter v. Jones*, 395 F.3d 577, 588-89 (6th Cir. 2005).

Petitioner has not argued, and the Court's independent review of the record does not reveal that any "new facts" have arisen that undermine the result of his trial. Petitioner cannot, therefore, establish a claim for actual innocence sufficient to avoid his procedural default.

Petitioner presents no new evidence not previously available indicating that this case is of the rare or extraordinary nature required to establish a claim of actual innocence such that this Court may consider the merits of claims he otherwise has waived for review.  Further, the United States Supreme Court has never directly held that an independent or free standing claim of actual innocence may serve as a basis for federal habeas corpus relief.  To the contrary, the Supreme Court has noted in dicta, "[f]ew rulings would be more disruptive of our federal system than to provide for federal habeas review of free-standing claims of actual innocence."  *Herrera v. Collins,* 506 U.S. 390, 401 (1993); *see also House v. Bell*, 547 U.S. 518, 554-55 (2006)(declining to resolve the issue).

Petitioner requests the Court grant his request for a certificate of appealability.  Where, as here, a claim has been dismissed on procedural grounds, a certificate of appealability shall issue where jurists of reason would find it debatable whether the Court was correct in its procedural

ruling that petitioner waived his claims of error, and whether petitioner has stated a viable constitutional claim.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Both of these showings must be made before a court of appeals will entertain the appeal. *Id*.

This Court is not persuaded that Petitioner has met this standard here.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objection,* ECF 12, is **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This case is hereby **DISMISSED**.

Petitioner's request for a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

Date: December 8, 2014                                                      s/James L. Graham

                                                                                      _____
                                                                                      JAMES L. GRAHAM
                                                                                      United States District Judge